**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARTIN FLANAGAN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.<br>) |
| APOLLO ENDOSURGERY, INC., | )<br>) |
| Defendant. | ) **JURY DEMANDED**<br>) |

## COMPLAINT

Plaintiff, MARTIN FLANAGAN, by and through his attorneys, THE COFFEY LAW OFFICE, P.C., states as and for his Complaint against Defendant, APOLLO ENDOSURGERY., INC., as follows:

**Nature of Case**

1. Plaintiff brings this action against Defendant to recover damages proximately caused by Defendant's discriminatory refusal to recall him back to work and termination of his employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (hereafter "Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (the "ADEA").

**Jurisdiction and Venue**

2. This Court has original jurisdiction over Plaintiff's Title VII and ADEA claims under 28 U.S.C. §§ 1331, 1337, 1343. This action is authorized and instituted pursuant to Section 703(a)(1) and 703 (k)(1)(A) of Title VII.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's illegal acts complained of herein took place at Defendant's offices and place

of business based out of DuPage County, Illinois, within the geographical jurisdictional boundaries of this Court.

4. On or about March 19, 2021, Plaintiff filed a timely charge of illegal discrimination against Defendant in violation of Title VII with the local district office of the EEOC. On July 13, 2021, the EEOC issued its Notice of Right to Sue, a copy of which is attached hereto. This Complaint is being filed within 90 days of Plaintiff's receipt of the EEOC Right to Sue Notice.

**The Parties**

5. Plaintiff, MARTIN FLANAGAN (hereafter "Marty"), is a 60-year old (DOB: August 10, 196), Caucasian individual residing at all relevant times in DuPage County, Illinois.

6. Defendant, APOLLO ENDOSURGERY., INC. (hereafter "Apollo"), is a foreign corporation registered and licensed to do business in Illinois, and conducting a significant business based out of DuPage County, within the geographical boundaries of this Court, Illinois, where its illegal activities described below took place.

7. Apollo employs in excess of 15 workers and is therefore an "employer" within the meaning of the Title VII and the ADEA.

**Facts Common to All Counts**

8. Marty started his employment with Apollo in February 2013 in the position of Midwest Market Development Manager ("MDM").

9. Marty was one of Apollo's initial MDMs, as well as the longest tenured MDM and Senior MDM.

10. Marty's job performance at all relevant times met or exceeded Apollo's legitimate expectations.

11. During his seven plus years working for Apollo, Marty developed several new markets and was responsible for millions of dollars in recurring revenue to Apollo.

12. In 2019, Marty finished in the top ten in both dollar and % growth over 2018 out of a sales force in excess of thirty sales people.

13. Effective April 17, 2020, Apollo placed Marty out of work on indefinite, unpaid furlough stating it was due to the economic impact of COVID-19.

14. In May 2020, Apollo recalled newly hired employee Ron Grayer (race: Black; age: mid-30's) back to work from furlough.

15. On information and belief, Mr. Grayer had no prior medical device sales or other sales experience.

16. Apollo hired Mr. Grayer in or around October 2019 in the position of clinical specialist (a non-sales position).

17. On July 9, 2020, Apollo notified Marty that he would remain on furlough with no definite return to work date through the third quarter 2020, i.e., September 30, 2020.

18. On numerous occasions from April through July 2020, Marty notified his district manager as well as Apollo's VP of HR that he was ready, able and willing to return to work as soon as possible.

19. Marty was told that his desire to return to work would be conveyed to Apollo upper management and that Apollo would get back to him.

20. No one from Apollo replied to Marty's expressed desire to return to work.

21. Marty then reached out via text to the VP of HR. Another HR employee replied stating that nothing had changed as of August 30, 2020.

22. On September 23, 2020, Marco McKenzie, Respondent's Director of Sales (race: Black), informed Marty that his employment would be terminated effective October 1, 2020.

23. Mr. McKenzie stated to Marty that he had been replaced by Mr. Grayer.

24. Apollo has yet to articulate (or support) the reason or reasons why it decided to return other Senior MDMs back to work but not Marty, or to replace Marty with Mr. Grayer.

## Count I: Race Discrimination in Violation of Title VII

25. Marty restates and fully incorporates into Count I his allegations set forth in Paragraphs 1 through 24, above.

26. Title VII makes it illegal for an employer such as Apollo to discriminate against an employee such as Marty with respect to his compensation, terms, conditions, or privileges of employment, including refusal to recall or return him to work and/or termination of his employment, because of his race.

27. Apollo took the above-described acts and omissions against Marty including but not limited to, refusing to recall him back to work and terminating his employment, because of his race in violation of Title VII.

28. On information and belief, and as described above, Apollo has recalled and/or not terminated other similarly situated, non-Caucasian employees including, but not limited to Mr. Grayer.

29. On information and belief, Apollo assigned to Mr. Grayer or one or more other non-Caucasian employees some or all of Marty's former job duties.

30. As a direct and proximate result of Apollo's illegal race discrimination against Marty as described above, he has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

31. Apollo knew that its discriminatory acts as described above were prohibited by Title VII, or acted with reckless disregard to that possibility.

### Count I: Age Discrimination in Violation of Title VII

32. Marty restates and fully incorporates into Count I his allegations set forth in Paragraphs 1 through 24, above.

33. The ADEA makes it illegal for an employer such as Apollo to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, including refusal to recall or return him to work and/or termination of his employment, because of such individual's age. See 29 U.S.C. § 623(a).

34. Sears terminated James' employment because of his age in violation of the ADEA.

35. On information and belief, and as described above, Apollo has recalled and/or not terminated other similarly situated, substantially younger employees including, but not limited to Mr. Grayer.

36. On information and belief, Apollo assigned to Mr. Grayer or one or more

5

other substantially younger employees some or all of Marty's former job duties.

37.     As a direct and proximate result of Apollo's illegal age discrimination against Marty as described above, he has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.     Apollo knew that its discriminatory acts as described above were prohibited by the ADEA, or acted with reckless disregard to that possibility.

### **Prayer for Relief (as to all Counts)**

**WHEREFORE**, Plaintiff, MARTIN FLANAGAN, respectfully requests that this Court enter judgment in his favor and against Defendant APOLLO ENDOSURGERY., INC., as follows:

A.      Order Apollo to make Marty whole by paying him appropriate back pay and reimbursement for benefits including lost retirement/401k benefits, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.      Order Apollo to pay Martin an equal amount to A., above, and for liquidated damages under the ADEA;

C.      Order Apollo to immediately reinstate Marty to his former position or one comparable thereto; or, in the alternative, order Apollo to pay Marty an appropriate amount of front pay;

D.      Order Apollo to pay Marty compensatory damages in the maximum amount allowable under the law;

E.      Order Apollo to pay Marty punitive damages in the maximum amount allowable under the law.

F.      Order Apollo to pay Marty's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

G. Try all issues of fact to a jury; and,

H. Grant such other relief as the Court deems just.

                Respectfully submitted,
                Plaintiff, MARTIN FLANAGAN,

        By:   /s/ Timothy J. Coffey
                Timothy J. Coffey, Esq.
                THE COFFEY LAW OFFICE, P.C.
                Attorneys for MARTIN FLANAGAN
                330 S. Naperville Road
                Suite 404
                Wheaton, IL 60187
                (630) 326-6600
                tcoffey@worker-law.com